# 96 DTA 120

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL IV AGUADILLA/MAYAGUEZ
### PANEL I

HERMANOS ARACHE Y ASOCIADOS, INC.
Recurrida

v.

NUEVO SAN ANTONIO HOUSING CORPORATION; BUCARE DEVELOPMENT CORPORATION; ANGEL RAMON CABAN GONZALEZ, SU ESPOSA FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Peticionarios

FULANO Y SUTANO
Demandados-Desconocidos

Núm. KLCE-96-00707

San Juan, Puerto Rico, a 24 de septiembre de 1996

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señor Martínez Torres y señor Rodríguez García

Amadeo Murga, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Los demandados recurren la resolución del tribunal de instancia negándose a declarar nulo un emplazamiento por edictos. Se fundan en que el mismo es nulo por haber sido enviado por correo certificado la copia del emplazamiento y de la demanda a la dirección postal de los demandados, luego de transcurrido el término de diez (10) días siguientes a la publicación del edicto, según lo requiere la Regla 4.5 de Procedimiento Civil de 1979. ■ Sostienen, además, que procede la desestimación de la demanda por no haberse llevado a cabo el emplazamiento dentro del término de seis meses. Resolvemos que el término mencionado es de carácter jurisdiccional, que el emplazamiento es nulo y que debe procederse a un nuevo emplazamiento. Sin embargo, no procede la desestimación del pleito.

### I

Los Hermanos Arache y Asociados, Inc. (Hermanos Arache) instó una demanda contra varios demandados en cobro de dinero reclamando la suma de $111,503.32. Solicitó se emplazara a la parte demandada por edictos por no haberse podido emplazar personalmente. Su solicitud fue concedida y se ordenó la publicación del edicto lo que se llevó a cabo el 20 de mayo de 1995 en el periódico El Vocero de Puerto Rico. El primero de junio de 1995 se envió a la parte demandada por correo certificado con acuse de recibo, copia de la demanda y del emplazamiento, así como varios documentos complementarios. Como puede verse, entre el 20 de mayo y el primero de junio transcurrieron once días excluyendo ambas fechas. El 20 de junio de 1995 la parte demandada, *"sin someterse a la jurisdicción de este Tribunal",* solicitó prórroga para contestar la demanda. También, en iguales términos, solicitó el traslado de la causa para el distrito judicial de San Juan. Con fecha 23 de junio sometió, además, un interrogatorio a la parte demandante.

El 12 de junio siguiente solicitó la nulidad del emplazamiento basado en la tardanza de un día de enviar por correo la copia de la demanda y el emplazamiento. Solicitó, además, la desestimación del pleito por no haber emplazado dentro del término de seis meses. La parte demandante se opuso a esta moción. El tribunal la declaró sin lugar en corte abierta el 18 de junio de 1996. El recurso ante nos fue presentado el siguiente 17 de julio.

Con fecha 15 de agosto emitimos una orden de mostrar causa de la demandante-recurrida por la cual no se debía declarar nulo el emplazamiento por edicto. Esta compareció mediante Oposición a la Solicitud de *Certiorari,* presentada el 3 de septiembre del corriente.

La posición de la parte recurrida es que el término de diez (10) días no es un término jurisdiccional o de cumplimiento estricto; que hubo dos fines de semana y un día feriado federal; que la actuación del tribunal de prorrogar por tan sólo un día el término de la Regla 4.5 es una actuación permitida y cae dentro de la discreción judicial. De todas formas, sostiene que hubo justa causa para no emplazar dentro de los seis (6) meses, por lo que se debe prorrogar el término para llevar a cabo el emplazamiento y no procede la desestimación de la demanda.

La Regla 4.5 de Procedimiento Civil dispone que cuando se ordene el emplazamiento de un demandado por edictos:

*"...la orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general en la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto, se le dirija al demandado, por correo certificado, con acuse de recibo una copia del emplazamiento y de la demanda presentada, al lugar de su última residencia conocida..."*

El propósito de estas disposiciones es notificar al demandado de que se ha instado una acción en su contra para así garantizarle su derecho a ser oído y poderse defender. *Lanzó Llanos v. Banco de la Vivienda,* **93 J.T.S. 86.**

Nuestro Tribunal Supremo en *Reyes v. Oriental Federal Savings Bank,* **93 J.T.S. 50** reiteró la norma de que estas disposiciones estatutarias para adquirir jurisdicción sobre la persona de un demandado por medio de la publicación de edictos, en sustitución de la notificación personal, deben

observarse estrictamente. Hizo suyo el parecer de los tribunales de otras jurisdicciones a los efectos de que cada paso que provee la regla, relativa al emplazamiento por edictos, es de carácter jurisdiccional y cualquier falla impide que una corte asuma jurisdicción sobre la persona del demandado. Debemos concluir, por lo tanto, que la tardanza aún limitada al término de un (1) día, ■ violó las disposiciones taxativas de la Regla 4.5, por lo que el procedimiento llevado a cabo por la parte demandante fue en violación a los requisitos estrictos de dicha regla, lo que acarrea la nulidad del emplazamiento. Es frívolo el argumento de la parte recurrida de que dicho término era prorrogable a tenor con la Regla 68.2 de Procedimiento Civil y que el tribunal, al denegar la moción de nulidad del emplazamiento, lo que había hecho era prorrogar el mismo.

Sin embargo, si bien decretamos la nulidad del emplazamiento, la parte recurrente pretende demasiado al solicitar que se desestime con perjuicio la demanda. En el presente caso los emplazamientos se expidieron el 7 de junio de 1994. La parte demandante intentó emplazar a la demandada sin éxito alguno y el 6 de diciembre, un día antes de vencerse los seis (6) meses, solicitó por moción el emplazamiento por edictos. El que posteriormente se decrete la nulidad de tal emplazamiento, ocasionada por la tardanza de un día en enviar por correo certificado la demanda y el emplazamiento, no significa que deba aplicarse contra el demandante la Regla 4.3(b) de Procedimiento Civil. Mientras el demandante hace gestiones de buena fe para llevar a cabo el emplazamiento por edictos, el término de los seis (6) meses debe considerarse interrumpido. Esa interrupción no deja de tener efecto por el hecho de que se decrete luego la nulidad del emplazamiento a base del derecho sustantivo aplicable. La sanción de la desestimación con perjuicio que contempla la Regla 4.3(B) de Procedimiento Civil está predicada en el hecho de que la parte que viene obligada a emplazar durante el período de seis (6) meses no ha hecho gestión alguna o ha abandonado las mismas. No contempla penalizar a una parte por el hecho de haberse equivocado en las diligencias para emplazar a la otra. La Regla 4.3(B) castiga la inacción o el abandono. Los errores de buena fe que se incurran en el trámite diligente de llevar a cabo el emplazamiento no participan de la clase de conducta que requiere disuadir mediante la aplicación de las sanciones contenidas en la Regla 4.3 de Procedimiento Civil. *Banco Metropolitano v. Berríos,* 103 D.P.R. 721 (1981); Cuevas Segarra, *Práctica Procesal Puertorriqueña, Procedimiento Civil,* **Publicaciones J.T.S.,** pág. 34.

Por las razones anteriormente expresadas, se expide el auto, se revoca la resolución del tribunal recurrido, se decreta la nulidad del emplazamiento por edictos sobre la parte demandada y se devuelve el pleito al tribunal de instancia para emplazar nuevamente a la parte demandada.

Así lo acordó y manda el Tribunal y certifica la Señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### ESCOLIOS 96 DTA 120

**1.** 32 L.P.R.A., Ap. III.

**2.** Si se permitiera flexibilidad en el término, la consecuencia sería acortar el período que tiene el demandado luego de notificado, para comparecer a defenderse el cual es treinta (30) días desde la públicación del edicto. Regla 10.1 de Procedimiento Civil.